## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BILLY RICE,

       Petitioner,                       CASE NO. 08-CV-11187

*v.*                                    DISTRICT JUDGE STEPHEN J. MURPHY, III
                                        MAGISTRATE JUDGE CHARLES E. BINDER

CINDY CURTAIN,

       Respondent.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## ON PETITION FOR WRIT OF HABEAS CORPUS

### I.    RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED**.

### II.    REPORT

#### A.    Introduction & Procedural History

Billy Joe Rice ("Petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted by a jury in Monroe County Circuit Court of armed robbery, MICH. COMP. LAWS § 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MICH. COMP. LAWS § 750.227b. He was sentenced as an habitual offender, fourth offense, MICH. COMP. LAWS § 769.12, to fifteen to forty years on the robbery conviction, to be served consecutively to the mandatory two-year term for felony-firearm.

Petitioner appealed his convictions on two grounds:  ineffective assistance of counsel and insufficient evidence.  The Michigan Court of Appeals affirmed the convictions.  *Michigan v. Billy Joe Rice*, No. 272142, 2007 WL 2684706 (Mich. Ct. App. Sept. 13, 2007).

Petitioner's application for leave to appeal to the Michigan Supreme Court was denied, because the court was "not persuaded that the questions presented should be reviewed by this Court."  *Michigan v. Rice*, No. 135189 (Mich. Jan. 22, 2008).

In March 2008, Petitioner filed this *pro se* Petition for Writ of Habeas Corpus.  The habeas petition is not easily understood, as it contains numerous pages of implausible if not fantastical argument.  For example, after a lengthy discussion of sovereignty remaining with the people (citing, *inter alia, M'Ilvaine v. Coxe's Lessee*, 8 U.S. 209, 2 L. Ed. 598 (1808)), Petitioner states:

> Which truly illuminates, and brings to light, the substance of the claim(s) of ineffective assistance of trial & appellate Counsel supra; whereas both (along with the prosecuting attorn[ey]) attorn[ey]s knew, beyond any doubt as professionals, that the United States government was dissolved, being bankrupt and insolvent, as evidence[d] by the Trading With the Enemy Act [T.W.E.A.] a/k/a Emergency Banking Relief Act, March 9, 1933 . . . .

(Dkt. 1, Pet. at 10 (no alterations to original).)  Therefore, in the response to the petition, which was filed on September 18, 2008, Respondent assumes that the issues raised are the same two issues Petitioner raised on direct appeal to the Michigan Court of Appeals, and responds only to those issues.  (Dkt. 9.)

On January 5, 2009, the case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b).  Accordingly, the case is ready for Report and Recommendation.

## B.    Background Facts

On November 23, 2004, Fred's Cash and Carry, a small store in LaSalle, Michigan, was robbed at gunpoint.  Approximately two months later, the store's cashier identified Petitioner from

2

a photo array as the perpetrator of the robbery. (Dkt. 10, Trans. Vol. I at 128.) Another witness, a woman who was in the store immediately before it was robbed, also identified Petitioner from a photo array as the person she saw in the store on that day. At a subsequent corporeal lineup, both of these eyewitnesses identified Petitioner.

At trial, Petitioner Rice denied that he was the person who committed the crime and his defense centered on asserting that this was a case of mistaken identity. Petitioner also asserted that he had an alibi: he testified that he was miles away at the time of the robbery and his testimony was corroborated by several friends and family members. Further, Petitioner testified that he could not have committed the robbery because in November 2004 he was still walking with crutches due to a terrible burn on his foot that he sustained in an automobile accident in May 2004.

The two eyewitnesses testified at trial. Defense counsel was able to point out to the jury that the descriptions these witnesses gave immediately after the robbery varied in great measure from Petitioner's actual appearance. He also made much of the fact that, at the lineup, the store clerk at first stated that she "was not sure," and it was only after several minutes that she identified Petitioner. Despite the inconsistencies, however, both eyewitnesses testified that they were sure Petitioner was the person who committed the robbery.

### C.    Law and Analysis

### 1.    Standard of Review

Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" and arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389 (2000). A state court decision involves an "unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular . . . case" or if the state court either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 1520.

## 2. Ineffective Assistance of Counsel Claim

Petitioner claims that his trial attorney's failure to call an expert witness who could have told the jury that mis-identifications happen frequently amounted to ineffective assistance of counsel in violation of the Sixth Amendment.

### a. State Court Record

This issue was raised in Petitioner's direct appeal, and the Michigan Court of Appeals addressed the claim as follows:

> Defendant contends that he is entitled to a new trial because he received ineffective assistance of counsel. Specifically, defendant says that counsel was ineffective for failing to call a witness to testify about the unreliability of eyewitness identification. Because defendant failed to raise this claim below in a motion for a new trial or an evidentiary hearing, review is limited to the existing record. *People v. Snider*, 239 Mich. App 393, 423; 608 NW2d 502 (2000).

To prevail on a claim of ineffective assistance of counsel, defendant must show that his counsel's performance was objectively unreasonable and the representation was so prejudicial that he was deprived of a fair trial. To demonstrate prejudice, the defendant must show that, but for counsel's error, there was a reasonable probability that the result of the proceedings would have been different. This Court presumes that counsel's conduct fell within a wide range of reasonable professional assistance, and the defendant bears a heavy burden to overcome this presumption. [*People v. Watkins*, 247 Mich. App 14, 30; 634 NW2d 370 (2001) (citations omitted).]

The decision to call an expert witness is a matter of trial strategy. *People v. Ackerman*, 257 Mich. App 434, 455; 669 NW2d 818 (2003). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v. Rockey*, 237 Mich. App 74, 76-77; 601 NW2d 887 (1999). "Ineffective assistance of counsel may be established by the failure to call witnesses only if the failure deprives defendant of a substantial defense." *People v. Julian*, 171 Mich. App 153, 159; 429 NW2d 615 (1988). "A substantial defense is one that might have made a difference in the outcome of the trial." *People v. Kelly*, 186 Mich. App 524, 526; 465 NW2d 569 (1990).

The record here shows that the jury was made keenly aware that identification was the key issue and that they would have to determine whether the prosecutor's witnesses were credible regarding their identification testimony. This was accomplished through the cross-examination of the prosecution witnesses regarding the description of the suspect and subsequent identification of defendant, the presentation of alibi testimony, the closing arguments, and the instructions on judging the credibility of witnesses in general and the reliability of witness identification testimony in particular. Therefore, the failure to call an expert to testify about the unreliability of eyewitness identification did not deprive defendant of a substantial defense, and trial counsel was not ineffective for failing to present "expert testimony that [the jury] may have regarded as only stating the obvious: memories and perceptions are sometimes inaccurate." *People v. Cooper*, 236 Mich. App 643, 658; 601 NW2d 409 (1999).

*Michigan v. Rice*, No. 272142, 2007 WL 2684706, at *1 (Mich. App. Sept. 13, 2007).

**b.    Discussion**

As previously stated, a writ of habeas corpus may only be issued if the state court's adjudication of a claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. §

2254(d)(1).  The Supreme Court's clearly established law governing claims of ineffective assistance of counsel was set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  Claims of ineffective assistance of counsel have two parts:  "A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) (citing *Strickland*, 466 U.S. at 687).  Counsel's performance is to be assessed using an "objective standard of reasonableness" and "prevailing professional norms." *Strickland*, 466 U.S. at 688.  Prejudice occurs when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Under *Strickland*, there is a "strong presumption of attorney competence" such that a federal court must utilize a "highly deferential" standard of review when determining whether that presumption has been overcome. *Kimmelman v. Morrison*, 477 U.S. 365, 383, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986).  Stated another way, Petitioner must rebut the presumption that counsel's "challenged action [or inaction] might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

In this case, it is clear that the Michigan Court of Appeals applied the correct governing legal rules from the Supreme Court's *Strickland* case.  Therefore, in order to be entitled to habeas relief, the state court must have unreasonably applied these rules to the facts of this particular case. *See Williams*, 120 S. Ct. at 1520.  I suggest that they did not.  Petitioner's trial counsel was able to repeatedly bring before the jury the point that eyewitness identifications are not always reliable.  In fact, he began "educating" the jury on this face as early as *voir dire*, when he brought up the issue with prospective jurors.  (Dkt. 10, Trans. Vol. I at 16.)  One of the jurors raised his hand and answered, "You asked me, do I believe that just because they make an identification can they be

6

– can they be wrong about it, and the answer to that is, yes, I do believe that that happens." (*Id.* at 17.)

During the presentation of the proofs, defense counsel also spent considerable time demonstrating the inconsistencies between the descriptions given on the day of the robbery by the eyewitnesses and Petitioner's actual physical characteristics. He did this both by cross-examining the eyewitnesses and by asking the police officers involved in the case their opinions on the question of whether Petitioner matched the eyewitnesses' original descriptions of the perpetrator. In addition, he presented testimony and evidence showing that a composite sketch created by the store patron eyewitness was not a close likeness to Petitioner's actual appearance. He also presented the testimony of several witnesses who testified as to Petitioner's whereabouts on the day in question. These witnesses stated that Petitioner was with them all day in Flint, Michigan, and could not have been in LaSalle committing a robbery. (*See* Dkt. 10, Trans. at 202.)

The Sixth Circuit has previously addressed a habeas petition presenting the precise issue before the court here – whether the failure to present expert testimony on the unreliability of eyewitness identification constitutes ineffective assistance of counsel under existing Supreme Court precedent – and held that it does not. In that case, as in the case currently before this Court, the petitioner could not satisfy these two elements of the *Strickland* test because "the failure to call an expert witness to challenge [the] photographic identification of [the petitioner] did not deprive [the petitioner] of 'a substantial defense[] since [petitioner's counsel] presented several witnesses who testified as to [petitioner's] whereabouts on the weekend of the incident' and since 'trial counsel cross-examined [the eyewitness] regarding [inconsistencies in] his photographic identification of [the petitioner].'" *Dorch v. Smith*, 105 Fed. App'x 650 (6th Cir. 2004) (quoting the Michigan Court of Appeals' opinion affirming Dorch's convictions). These same

considerations are present in this case. Petitioner's counsel was able to present a defense through the cross-examination of the eyewitnesses and the presentation of alibi witnesses. Accordingly, I suggest that Petitioner has failed to rebut the "strong presumption of attorney competence" by showing "a reasonable probability" that, if trial counsel had presented an expert on the issue of eyewitness unreliability, "the result of the proceeding would have been different." *Kimmelman*, 477 U.S. at 375, 383. Thus, the State of Michigan's rejection of Petitioner's claim of ineffective assistance of counsel on this basis was not contrary to Supreme Court precedent, and the petition for writ of habeas corpus should be denied.

### 3.   Insufficient Evidence Claim

Petitioner's other argument is that there was insufficient evidence presented at trial for a rational jury to find Petitioner guilty of the armed robbery.

### a.   State Court Record

Petitioner presented this claim to the Michigan Court of Appeals. The court made the following determination:

> Defendant also avers that the verdict was against the great weight of the evidence. The trial court's ruling on a motion for a new trial based on the great weight of the evidence is reviewed for an abuse of discretion. *People v. McCray*, 245 Mich. App 631, 637; 630 NW2d 633 (2001). "An abuse of discretion will be found only where the trial court's denial of the motion was manifestly against the clear weight of the evidence." *People v. Ross*, 145 Mich. App 483, 494; 378 NW2d 517 (1985).

> On the defendant's motion, the court may order a new trial on any ground that would support appellate reversal of the conviction if the court believes the verdict has resulted in a miscarriage of justice. MCR 6.431(B). A motion for a new trial may be granted where the verdict was manifestly against the clear weight of the evidence, i.e., the evidence so clearly weighed in the defendant's favor that it would be a miscarriage of justice to allow the verdict to stand. *People v. Gadomski*, 232 Mich. App 24, 28; 592 NW2d 75 (1998); *People v. DeLisle*, 202 Mich. App 658, 661; 509 NW2d 885 (1993). In reviewing a motion for a new trial on the ground that the verdict was against the great weight of the evidence, the judge must review

8

the whole body of proofs. *People v. Herbert*, 444 Mich. 466, 475; 511 NW2d 654 (1993), *overruled in part on other grounds by People v. Lemmon*, 456 Mich. 625, 627; 576 NW2d 129 (1998). Generally, a verdict may be vacated only when it is not reasonably supported by the evidence and was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence. *People v. Plummer*, 229 Mich. App 293, 306; 581 NW2d 753 (1998); *DeLisle*, *supra* at 661. The resolution of credibility questions is within the exclusive province of the jury, *DeLisle*, *supra* at 662, and this Court may not resolve them anew. *Gadomski, supra*. In short, "unless it can be said that directly contradictory testimony was so far impeached that it was deprived of all probative value or that the jury could not believe it, or contradicted indisputable physical facts or defied physical realities, the trial court must defer to the jury's determination." *Lemmon*, *supra* at 645-646 (internal quotation marks and citation omitted).

      The robbery occurred at a market in Monroe. Sue Shahin, the clerk, and Lois Calvin, a customer, provided descriptions of the suspect that were more or less consistent but did not exactly fit defendant. Calvin assisted in the creation of a composite sketch that was not an exact likeness of defendant. Nevertheless, both women identified defendant at a photographic showup, in a corporeal lineup, and at trial. Calvin testified that, to her, defendant "looks like the same person exactly" and noted that he had the same distinguishing facial mark she had seen on the robber. Defendant and his witnesses testified that defendant could not have committed the crime because he had difficulty walking and was at home in Flint at the time of the robbery. There were no exceptional circumstances that would necessitate rejection of Shahin's and Calvin's testimony, and thus the credibility of the witnesses was a question of fact for the jury, not the trial court, to determine. Therefore, the trial court did not abuse its discretion in denying defendant's motion for a new trial. *See McCray, supra* at 638.

*Michigan v. Rice*, No. 272142, 2007 WL 2684706, at *2 (Mich. App. Sept. 13, 2007).

### b.    Discussion

When a habeas petitioner raises a claim that the evidence upon which he was convicted was insufficient, the United States Supreme Court case of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed.2d 560 (1979), provides the applicable federal law. In *Jackson*, the Court held that the U.S. Constitution prohibits criminal convictions except upon proof of guilt beyond a reasonable doubt. *Id.* at 309 (citing *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970)). A reviewing court need not "ask itself whether *it* believes that the evidence at the trial established

guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Woodby v. INS*, 385 U.S. 276, 282, 87 S. Ct. 483, 17 L. Ed. 2d 362 (1966)). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. The Sixth Circuit has recognized that "[t]he standard for evaluating claims that a conviction is not supported by sufficient evidence presents a very difficult hurdle for the criminal appellant. . . ." *United States v. Maxwell*, 160 F.3d 1071, 1077 (6th Cir. 1998).

In this case, the Michigan Court of Appeals reviewed the evidence and recognized that it came down to a question of which witnesses the jury found more credible, the eyewitnesses who testified that they were sure it was Petitioner who committed the robbery or the witnesses who testified that Petitioner was with them in Flint all day on the day in question. The court concluded that a rational trier of fact could have found the essential elements of the crime were established beyond a reasonable doubt based on the testimony presented by the two eyewitnesses, and, regardless of whether this Court would reach the same conclusion, that finding is reasonable and supported by the record.

Therefore, I suggest that the Michigan Court of Appeals reasonably reviewed the record and found sufficient evidence to support the verdict. Accordingly, I suggest that Petitioner is not entitled to habeas relief on this claim and that his habeas petition should be denied.

### III.   **REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure

to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

s/ *Charles E Binder*

CHARLES E. BINDER
Dated: January 29, 2009                    United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Raina I. Korbakis, and served by first class mail on Billy Rice, #166401, at Oaks Correctional Facility, 1500 Caberfae Highway, Manistee, MI, 49660.

Date:  January 29, 2009              By      s/Jean L. Broucek
                                     Case Manager to Magistrate Judge Binder